UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AMANDA LAWSON-ROSS and
TRISTIAN BYRNE

      Plaintiffs,                     CASE NO. 1:17-CV-00253-MW-GRJ

v.

GREAT LAKES HIGHER
EDUCATION CORP.,

      Defendant.
_____/

**JOINT MOTION TO STAY DISCOVERY
AND CASE MANAGEMENT DEADLINES**

    Plaintiffs Amanda Lawson-Ross and Tristian Byrne, together with Defendant Great Lakes Higher Education Corp., jointly move for entry of an order staying discovery and the case management deadlines in this matter until after the resolution of Defendant Great Lakes' motion to dismiss.  The parties did not anticipate the present procedural posture of the case in agreeing to the current set of deadlines. Moreover, the parties will be able to more effectively formulate realistic deadlines following the Court's ruling on the motion to dismiss. The grounds supporting this Motion are set forth in the following Memorandum.

1

## I.      Background

A thorough explanation of Plaintiffs' allegations and the procedural history of this case was included in Plaintiffs' response to Great Lakes' motion to dismiss and Plaintiffs' June 15, 2018, supplemental brief. Doc. 29 at 3–7; Doc. 35 at 3–4. The following information is relevant to the disposition of this motion.

On January 5, 2018, the parties participated in a Rule 26(f) case management conference and drafted a joint conference report that included a discovery plan and proposed case management deadlines. Doc. 19. The parties filed the joint conference report on January 17, 2018. Doc. 19.  On January 23, 2018, upon consideration of the joint conference report, the Court entered a scheduling order that imposed case management deadlines through the end of 2018 and into 2019. Doc. 21.

On January 31, 2018, Plaintiffs filed their First Amended Complaint, alleging, certain state-law causes of action against Great Lakes on behalf of themselves and similarly situated borrowers.Doc. 24. On February 28, 2018, Great Lakes filed a 32-page motion to dismiss. Doc. 26. On April 13, 2018, Plaintiffs responded in opposition to the motion to dismiss. Doc. 29.

On May 1, 2018, Great Lakes filed a notice of supplemental authority in support of its motion to dismiss. Doc. 30. The subject of the notice was a March 12, 2018, interpretive ruling of the Department of Education ("DOE"), addressing federal preemption. *Id.* On May 28, 2018, the Court entered an order directing the

parties to file supplemental briefs specifically addressing "(1) the deference due to the Department of Education's interpretive ruling and (2) the substance of the Department of Education's interpretive ruling, including, but not limited to, the interpretation that the Department gives to 'disclosure requirements.'" Doc. 31 at 2. On June 15, 2018, the parties filed their supplemental briefs. Docs. 34, 35.

On June 18, 2018, the Court entered a sua sponte order permitting each party to file a response memorandum to the other party's supplemental brief. Doc. 36. The parties filed their response memoranda on July 16, 2018. Docs. 39, 40. Great Lakes' motion to dismiss remains pending.

## II.    There is good cause to stay discovery and the case management deadlines.

The parties request that the Court stay discovery and the case management deadlines set forth in the January 23, 2018, scheduling order. Rule 16(b)(4) permits a scheduling order to be modified for "good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). Moreover, "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Spencer v. Young Kwon*, 2015 WL 737672, at *2 (N.D. Fla. Feb. 20, 2015) ("A district court has the inherent authority to manage its own docket to achieve the orderly and expeditious disposition of cases." (internal quotation marks omitted)).

Good cause exists to stay discovery until Great Lakes' motion to dismiss is

resolved. The procedural posture of this action was unforeseen at the time of the parties' case management conference. The parties have been working diligently to brief the issues raised in Great Lakes' motion to dismiss and to conduct discovery, but the parties recognize that they will be able to conduct discovery more efficiently and effectively following this Court's ruling on the motion to dismiss.  The parties anticipate that the Court's ruling will clarify issues that are otherwise likely to result in the need to seek Court intervention, which the parties wish to avoid if it is not necessary.

Moreover, good cause exists to stay the case management deadlines in the Court's scheduling order and permit the parties to file an amended joint conference report after the motion to dismiss is decided.  The Court's ruling on Great Lakes' motion to dismiss may significantly affect the scope of discovery regarding the individual and class allegations. Further, the procedural posture of this action has delayed the case such that the deadlines in the scheduling order are no longer feasible. The parties believe it would not be productive to conduct another case management conference to schedule anticipated deadlines for discovery, dispositive motions, and a trial prior to such a ruling. Therefore, good cause exists to stay the deadlines until the Court has ruled on Great Lakes' motion to dismiss. This request is not made for the purpose of delay.

## CONCLUSION

For these reasons, Plaintiffs and the Defendant respectfully request that this Court enter an order staying discovery and the case management deadlines in this matter until after the resolution of Defendant Great Lakes' motion to dismiss.

Respectfully submitted

/s/ *Katherine Earle Yanes*
Katherine Earle Yanes (FBN 0159727)
kyanes@kmf-law.com
Brandon K. Breslow (FBN 0123755)
bbreslow@kmf-law.com
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, Florida 33601-3396
Telephone:   (813) 229-1118
Facsimile:    (813) 221-6750

*Co-Counsel for Plaintiffs*

 /s/ *Theodore R. Flo*
Theodore R. Flo
BALLARD SPAHR LLP
1909 K Street, NW - 12th Floor
Washington, DC  20006-1157
(202) 661-2259
(202) 661-2299 (Facsimile)
flot@ballardspahr.com

*/s/  Christopher Paolini*

Christopher Paolini
Florida Bar No. 669199
CAROLTON FIELDS JORDEN BURT, PA
450 S. Orange Avenue, Suite 500
Orlando, FL 32801
(407) 849-0300
(407) 648-9099 (Facsimile)
cpaolini@carltonfields.com (primary)

*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I HEREBY CERTIFY that this motion complies with the type-volume and 8,000-word limit of Local Rule 7.1(F) because the motion contains 870 words.

*/s/ Katherine Earle Yanes*

Katherine Earle Yanes

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Motion was furnished to all counsel of record listed below by the CM/ECF System, on August 14, 2018:

Christopher Paolini
Theodore R. Flo
cpaolini@carltonfields.com
flot@ballardspahr.com

Gus M. Centrone
Brian L. Shrader
Dunlap Bennett & Ludwig
gcentrone@dbllawyers.com
bshrader@dbllaweyers.com

/s/ *Katherine Earle Yanes*
Katherine Earle Yanes